UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert W. Parker

   v.                                                            Civ. No. 25-cv-59-JL-AJ

Marilyn Jarvis, et al.

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

    Self-represented plaintiff Robert W. Parker, appearing in forma pauperis, has sued several defendants in connection with a landlord-tenant dispute and a related criminal case in New Hampshire. During its preliminary review of Mr. Parker's complaint,[1] the court inadvertently omitted analysis of claims brought against defendants Marilyn Jarvis and Sgt. Wallace,[2] the latter of whom was added to the case in Mr. Parker's amended complaint (Doc. No. 11). Applying the same standard used in its first Report and Recommendation ("R&R") (Doc. No. 13), and relying on the facts recited therein, the court turns to the claims against the two defendants.

---

    [1] The court initially recommended – and the district judge approved -- dismissal of certain defendants, while ordering others served. See Report and Recommendation (Doc. No. 13); Service Order (Doc. No. 14); Order (Doc. No. 18).

    [2] The amended complaint does not provide Sgt. Wallace's first name or the municipality for whom he worked.

A. Marilyn Jarvis

    Ms. Jarvis was Mr. Parker's landlord. The only claim that Mr. Parker has asserted against Marilyn Jarvis is that she breached the parties' lease when she tried to evict him from the leased premises. The claims that the court has allowed to proceed all relate to claims against police officers for excessive force, assault and battery in connection with Mr. Parker's arrest. R&R (Doc. No. 13) at 7-8. These two sets of allegations are not sufficiently related to one another to invoke the court's supplemental jurisdiction. See 28 U.S.C. § 1367(a). Accordingly, Mr. Parker's claim against Marilyn Jarvis should be dismissed without prejudice to Mr. Parker's ability to refile the claim in state court.

B. Sgt. Wallace

    In his amended complaint (Doc. No. 11), Mr. Parker added Sgt. Wallace to this suit. In support of the amendment, Mr. Parker attached a police report prepared by Conway (N.H.) Patrolman Margaret A. McKee. The only reference to Sgt. Wallace is as follows:

> After this I attempted to contact my dispatch to request another officer to assist in controlling Parker. In particular I felt we would need assistance to move Parker for either transport or the evaluation. Sgt. Wallace and MPtrl. True arrived to assist us. Parker remained verbally abusive towards the doctor and hospital staff but was examined and cleared for incarceration. Parker was compliant until he was in the rear of Officer

2

> Moffitt's cruiser outside of the emergency department. Parker began attempting to kick out the window of the cruiser and Officer Moffitt transported Parker to the jail traveling code.
>
> Officer Moffitt had a mark on his forehead from the leg chains on Parker which was photographed by Sgt. Wallace. Parker was charged with 2 counts of Simple Assault Physical Contact for Assaulting me and he was charged with I count of Simple Assault Bodily Injury for kicking Officer Moffitt. Parker also received [sic] a charge of Disorderly Conduct because his behavior and noise volume interrupted the orderly operations of the hospital emergency department.

Am. Compl. (Doc. No. 11) at 4-5.

As this narrative fails to support any cognizable cause of action against Sgt. Wallace, he should be dismissed from this suit.

## **Conclusion**

Based on the foregoing, the district judge should dismiss Mr. Parker's claims against Marilyn Jarvis and Sgt. Wallace. The claim against Ms. Jarvis should be dismissed without prejudice. If this recommendation is adopted, Ms. Jarvis and Sgt. Wallace will no longer be defendants in this action.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the

3

district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Date: June 16, 2025                              _____
                                              Andrea K. Johnstone
                                              U.S. Magistrate Judge

cc: Robert W. Parker, pro se
    Counsel of Record