UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert W. Parker

   v.                                                           Case No. 25-cv-59-JL-AJ

Brian Moffit, et al.

**REPORT AND RECOMMENDATION**

Presently before the court is self-represented plaintiff Robert W. Parker's motion to amend his complaint (Doc. No. 45), to which the defendants have objected (Doc. No. 50). Mr. Parker has replied to that objection. (Doc. No. 51). Mr. Parker's motion has been referred to the undersigned magistrate judge for a recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR 72.1. As explained more fully below, Mr. Parker's motion should be denied.

**Factual Background and Prior Proceedings**

This case stems from a failed eviction attempt by Mr. Parker's former landlord, and a subsequent encounter with the landlord and police in July 2022. Mr. Parker commenced this action against the landlord, several police officers, and other individuals by filing a complaint in the United States District Court for the District of Massachusetts on or about October 31, 2024. (Doc. No. 1). The case was transferred to this court in February 2025. (Doc. Nos. 7, 8). Thereafter, the court granted

Mr. Parker leave to amend his complaint to add another defendant, see April 14, 2025, Endorsed Order.

Following preliminary review, and the district judge's review of this court's two Report and Recommendations (Doc. Nos. 13 and 24), the case proceeded against defendant Police Officers Moffitt, McKee, and True on two counts: (1) Fourth Amendment excessive force; and (2) state-law assault and battery. Report and Recommendation (Doc. No. 13) at 7-8, approved June 6, 2025 (Doc. No. 18). All other defendants were dismissed. Id. The defendants answered the complaint on July 2, 2025 (Doc. No. 34).

Mr. Parker filed the instant motion to amend (Doc. No. 45) on September 3, 2025. He attached a proposed amended complaint (Doc. No. 45-1) and approximately twenty exhibits. Mr. Parker asserts that, since the filing of the original complaint, he has identified additional individuals and facts that were unknown and/or withheld from him. He names on the first page of the motion three individuals – Desmond Daley, Jamie Sellinger, and Ethan Ouellette - but does not identify their relevance to this case in the motion. The caption of the motion also references, without explanation, the case number of a different case that Mr. Parker has filed in this court, Civ. No. 25-cv-280-SE-TSM.

In many respects, the proposed amended complaint seems to do little more than repeat, or cite evidence supportive of, claims that are already part of this case.  Mr. Parker asserts

2

that, in February 2025, he received a witness statement from a neighbor through discovery in the criminal case against him that resulted from the encounter that forms the basis of this matter. The statement addresses his original confrontation with police on July 30, 2022, which forms the basis of this case. See Proposed Am. Compl. (Doc. No. 45-1) at 1. He then recounts his version of the various police actions that are already the subject of his claims, before adding allegations of an alleged assault by Officer Moffit and "employees of jail" later that night. Id. at 5. He does not identify those officers in the motion or body of the proposed amended complaint, nor specify what he alleges each might have done.

Although Mr. Parker notes that Officer True responded to a May 27, 2023, motorcycle accident involving Mr. Parker – nearly one year after the subject incident -- he does not explain its relevance to this case or allege any specific conduct (or misconduct) by Officer True. Finally, Mr. Parker lists a series of criminal statutes and allegations relating to his state court criminal action, none of which are actionable in this civil suit.

The only exhibit that appears related to, or sheds light on, any new claim is a compilation of Carroll County Department of Corrections ("CCDOC") incident reports. See Exh. to Pltf. Mot. (Doc. No. 45-18). Those reveal that proposed defendants

3

Daley, Ouelette, and Sellinger are employees of the CCDOC and had a physical encounter with Mr. Parker at the jail on July 30, 2022 – the same night as his arrest.

Mr. Parker also attached to his motion seven summonses that presumably reflect the parties he wishes to add to the Complaint – including the Towns of Bartlett and Conway, New Hampshire, their police departments, and the three aforementioned corrections officers. See Doc. Nos. 45-21 through 45-27.

## Discussion

At this stage of the case,[1] Mr. Parker must seek leave of court to amend his complaint. Fed. R. Civ. P. 15(a)(2). In general, leave to amend should be freely given "when justice so requires." Id. Motions to amend will not be granted, however, if there has been undue delay, bad faith, or undue prejudice to the opposing party, or if the proposed amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). A proposed amendment is futile if it fails to state a cause of action. Rife v. One W. Bank, 873 F.3d 17, 21 (1st Cir. 2017).

Where, as here, the defendants object to a motion to amend a complaint on the grounds that amendment would be futile, "the

---

[1] As relevant to this case, a plaintiff can amend his complaint as of right – without leave of court – if they file the amendment within 21 days after the defendant files an answer. Fed. R. Civ. P. 15(a)(1)(B). The defendants answered the complaint on July 2, 2025, roughly two months before Mr. Parker's motion to amend. Leave of court is therefore required.

4

district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). In other words, the district court must determine whether the allegations in the amended complaint support the claims therein under the 12(b)(6) standard.

Construing all of his recent filings liberally, Mr. Parker's proposed amended complaint appears to be asserting claims against the three CCDOC Officers identified in the incident report – Daley, Sellinger and Ouelette – based on their involvement in the physical confrontation at the jail on the night of his arrest. Claims against these individuals, however, are barred by the applicable statute of limitations, and are therefore futile.

The proposed amended complaint presents claims under 42 U.S.C. § 1983, "which borrow[s] the statute of limitations applicable to personal injury actions under the law of the forum state." As relevant here, N.H. Rev. Stat. Ann. § 508:4, I, bars suits brought more than "3 years of the act or omission complained of."[2] Federal law, however, governs the accrual of claims brought pursuant to section 1983.  A claim accrues once

---

[2] To the extent Mr. Parker is asserting state law claims against these individuals, the same statute of limitations applies.

5

the plaintiff knows or has reason to know of the injury which is the basis of the action. Smith v. NH State Prison, No. 05-CV-374-JD, 2006 WL 1425063, at *3 (D.N.H. Apr. 25, 2006) (citing Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997)).

Here, there can be no serious dispute that Mr. Parker's claims against these defendants accrued on July 30, 2022, as he knew then of the jailhouse confrontation and his injuries. Thus, the statute of limitations expired on July 30, 2025, well before Mr. Parker sought leave to amend on September 3, 2025. Perhaps recognizing this hurdle, Mr. Parker asserts that these claims "relate back" to date he filed his original complaint, October 31, 2024. Pltf. Mot. (Doc. No. 45) at 3. The court disagrees.

In pertinent part, Fed. R. Civ. P. 15(c)(1)(C) requires satisfaction of three criteria for an otherwise untimely pleading against a new defendant to "relate back":

> First, the claim asserted against the newly-designated defendant must satisfy the terms of Rule 15(c)(1)(B), which provides that the claim must arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out-in the original pleading." Second, "within the period provided by [Federal Rule of Civil Procedure] 4(m) for serving the summons and complaint, the party to be brought in by amendment" must have "received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). Third, it must appear that within the same time frame the newly-designated defendant either "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

6

Morel v. DaimlerChrysler AG, 565 F.3d 20, 26 (1st Cir. 2009) (internal case citation omitted). Even assuming that the first condition is met, in that the claims against the three corrections officers arise "out of the conduct, transaction, or occurrence set out . . . in the original pleading," Fed. R. Civ. P. 15(c)(1)(B), the proposed amended complaint nevertheless fails to satisfy the second and third conditions. There is no suggestion: (a) that the officers "received [any] notice of the action" before first having been named as a party, as required by Rule 15(c)(1)(C)(i); or (b) that the "'mistake proviso,'" in Rule 15(c)(1)(C)(ii), applies. See generally Cholopy v. City of Providence, 228 F.R.D. 412, 418 (D.R.I. 2005) (mistake proviso was designed to "'resolve the problem of a misnamed defendant[s]' and allow a party 'to correct a formal defect such as misnomer or misidentification'" (citation omitted)). The original complaint contains no suggestion of a claim beyond the initial confrontation with police officers outside Mr. Parker's residence in July 2022. See Compl. (Doc. No 1); Report and Recommendation (Doc. No. 13). Accordingly, Mr. Parker's claims against the corrections officers cannot relate back to the date the original complaint was filed, and are therefore untimely.

The remaining defendants in Mr. Parker's proposed amended complaint require less discussion. Based on the summons forms he submitted with the motion to amend, it appears that Mr. Parker

7

is seeking to add the Towns of Bartlett and Conway, New Hampshire, and their Police Departments as defendants. As the defendants correctly point out, Mr. Parker filed a complaint against these defendants in a separate suit based on the same July 2022 incident. See Parker v. Conway, No. 25-cv-280 (D.N.H. filed July 29, 2025). That case was dismissed, without prejudice, on October 6, 2025, because Mr. Parker failed to allege facts to support his claims that the Towns and Police Departments were responsible for his injuries. See id., October 6, 2025 Order (Doc. No. 4). The court will not rehash those details here. It suffices to say that the allegations in this complaint suffer from the same legal shortcomings. Therefore, the motion to amend should be denied as to those defendants as well.

## Conclusion

Based on the foregoing, plaintiff's motion to amend (Doc. No. 45) should be denied, as amendment would be futile. See Rife, 873 F.3d at 21.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir.

8

2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." *Id.* (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." *Id.*

_____
Andrea K. Johnstone
United States Magistrate Judge

October 8, 2025

cc:  Robert W. Parker, pro se
     Counsel of Record